30 C.C.P.A.(Patents)

## In re THOMPSON.
### Appeal No. 4698.

Court of Customs and Patent Appeals.

May 3, 1943.

Dorsey, Cole & Garner, of Washington, D. C. (Vernon M. Dorsey, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1 to 6, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in glass tank furnaces, and particularly that portion of the superstructure of a glass tank furnace "between the glass line and the crown arch," as set forth in the appealed claims of which claims 1 and 4 are illustrative. They read:

"1. A glass tank furnace embodying a superstructure between the glass line and the crown arch embodying cast blocks of a mullite-glass material, analytically containing principally alumina and silica and further containing *over 10% zirconia* in the glass phase and as crystal phase." (Italics ours.)

"4. A glass tank furnace embodying a superstructure between the glass line and the crown arch, embodying cast blocks of a mullite-glass material, analytically containing principally alumina and silica and further containing *over 10% and under 15% zirconia* in the glass phase and as crystal phase." (Italics ours.)

The references are:

Fulcher, 1,615,750, January 25, 1927;
Fulcher, 1,615,751, January 25, 1927.

The Fulcher patent No. 1,615,750 relates to a cast refractory article and a method of making the same. The patentee states that the invention "relates to the art of refractory materials, and more particularly to refractory articles adapted to *resist the corroding action* of molten glass, molten slag and other corrosive liquids, *and of corrosive gases*," the refractory articles consisting chiefly of alumina and silica and "up to 30% zirconia." (Italics ours.)

The Fulcher patent No. 1,615,751 relates to cast refractory blocks or castings containing silica, alumina, and zirconia. The patentee states that: "Good results have been obtained with up to 60% zirconia, but for my present purposes the zirconia content should amount to at least 10%." The patentee further states that: "The word 'casting' in the following claims is used to define an article which has been cast or formed by running molten material into a mold of any desired form, and the term 'refractory casting' is used to designate a casting which, when used in a furnace of high temperature, will for a prolonger period, *successfully withstand*

*the temperatures encountered, and will resist the abrasion and corrosion at the places where used."* (Italics ours.)

In appellant's application it is stated that that part of the superstructure between the glass line and the crown arch of a glass tank furnace "is subject to attack by alkaline vapors from the hot glass batch and this may be especially severe where the alkali bearing flames impinge directly on the walls." Appellant expressly refers in his application to the reference patents, and states: "I have found that 10 to 15% Zr O₂ [zirconia] by analysis is sufficient to prevent the formation of crusts on superstructure of cast alumina-silica compositions whether mullite, or mixtures of corundum and mullite are the crystal phases present in addition to zirconia. *While an increase of the zirconia content will increase the resistance to chemical attack, such increased percentages are not needed when the block is used in the superstructure as the zirconia is there primarily desirable because of its property, discovered by me, of preventing incrustation when exposed to the burning gases, and the 10% or 15% as above given is ample for this purpose."* (Italics ours.)

The record contains an affidavit of appellant in which it is stated, among other things, that appellant is general manager of the Cohart Refractories Company; that that company is the owner of both of the reference patents; that it had produced cast blocks "under the Fulcher patent 1,-615,750," and had sold over fifty thousand of such blocks "for use as flux or tank blocks [the blocks below the glass line which are in contact with molten glass in glass tank furnaces]"; and that but a very small number of such blocks contained zirconia, because, prior to appellant's "invention for which he now seeks a patent, the advantages of the use of zirconia were not considered to justify the additional cost due to its use and because it was neither seen by him nor by others connected with his company that the ability of the zirconia refractory *to withstand the conditions present in the superstructure of a tank as distinguished from portions immersed in glass justified such additional expense."* (Italics not quoted.)

In his statement to the Board of Appeals, the Primary Examiner stated that appealed claims 1, 2, and 3 were "drawn to products which contain over '10%' of zirconia"; that appellant's application discloses only

10 to 15 per cent of zirconia content; and that, therefore, as those claims called for 10 per cent *or more* of zirconia they were broader than the alleged invention defined in appellant's application. The examiner further rejected all of the claims on the ground that they were not inventive over the references of record, in view of the fact that each of the references discloses cast blocks containing principally alumina and silica and zirconia within the range specified in the appealed claims (which range was held not critical) for use in glass tank or high temperature furnaces.

In its decision affirming the decision of the Primary Examiner, the Board of Appeals referred to appellant's affidavit of record and said:

"Notwithstanding failure to discover that these blocks of the Fulcher [reference] patents could be useful above the glass line, it is considered that it would be obvious if there was difficulty with the different blocks in use above the glass line, to try the blocks which operate successfully below the glass line.

"The specification states that applicant has found that 10 to 15% of zirconia is sufficient to prevent the formation of crust on the superstructure of cast alumina-silica compositions and that while an increase of the zirconia content will increase the resistance to chemical attack, such increased percentages are not needed when the block is used in the superstructure, as the zirconia is primarily desirable because of its property of preventing incrustation when exposed to the burning gases.

"Notwithstanding failure to discover this for a period of years, it is considered that it would not amount to patentable improvement to merely try out these blocks used in the lower part of the furnace in the arched part and it is considered that such an additional use does not amount to a patentable improvement."

Counsel for appellant state in their brief that: "The Cohart Refractories Company [owner of the reference patents according to appellant's affidavit of record], of which the applicant is the General Manager, has, for the last ten years, been making *flux* blocks by melting a batch consisting of alumina and silica, as described in the Fulcher patent 1,615,750 cited, and during that time has sold over fifty thousand tons of such blocks. It has also owned the other Fulcher patent cited; namely, 1,615,-751 which teaches that the addition of a

comparatively large percentage of zirconia to the batch to be melted will improve the *flux* block made from such batch. Due to the high cost of the zirconia-silica alumina block it has not, however, been able to introduce it for commercial use although such a block has outstanding features fitting it for a *flux* block." (Italics quoted.) Accordingly, it is contended by counsel that as appellant discovered that a cast silica-alumina refractory block containing only a small amount of zirconia, ranging from 10 to 15 per cent, had the property, unexpected so it is said, of *resistance to the alkaline vapors from the hot glass and the flames,* appellant is entitled to a patent for his discovery.

The difficulty with that contention of counsel is, as stated in the decision of each of the tribunals of the Patent Office, that each of the reference patents clearly teaches that a cast refractory block containing principally silica and alumina, and, up to 30 per cent of zirconia (as disclosed in the Fulcher patent No. 1,615,750) or from 10 to 60 per cent of zirconia (as disclosed in the Fulcher patent No. 1,615,751) resists the corroding action of the molten glass and the corrosive gases, as stated in the Fulcher patent No. 1,615,750, and also the high temperatures, abrasion, and corrosion *"at the places where used,"* as stated in the Fulcher patent No. 1,615,751. (Italics ours.) There is nothing in either of those patents to limit the refractory castings therein defined to use as flux blocks below the glass line in glass tank furnaces. On the contrary, each of those patents plainly suggests the use of refractory castings or blocks containing principally alumina and silica and *zirconia in the percentages hereinbefore set forth in glass tank or high temperature furnaces* wherever resistance to high temperatures, corrosion, and abrasion is required. Furthermore, there is nothing in appellant's application to indicate that the percentage of zirconia ("over 10% but under 15%," as called for in appealed claims 4, 5, and 6) is critical. The only reason for limiting the percentage of zirconia to between 10 and 15 per cent is, as stated in appellant's application, that an additional amount, *although increasing the resistance to chemical attack,* is not needed when the refractory block is used in the superstructure.

It is true that it is not stated in either of the reference patents that the use of zirconia in refractory blocks for use in glass tank furnaces or high temperature furnaces *would prevent incrustation* when such blocks are exposed to burning gases. Nevertheless, the Fulcher patent No. 1,-615,751 discloses and claims cast refractory blocks containing alumina and silica and from 10 to 60 per cent zirconia, and teaches that such refractory blocks will withstand high temperatures and will resist abrasion and corrosion "at the places where used," that is, where used in a "furnace of high temperature." Furthermore, the other reference patent No. 1,615,750 discloses cast refractory blocks containing principally alumina and silica and up to 30 per cent zirconia for use in glass tank furnaces or high temperature furnaces, and teaches that such refractory blocks will not only resist the corroding action of molten glass but will also resist the action of corrosive gases.

It is not claimed here that appellant is the inventor of a glass tank furnace having a superstructure between the glass line and the crown arch. On the contrary, the real claim made here by counsel for appellant is that the idea, which first occurred to appellant, that the refractory blocks disclosed in the reference patents, particularly the Fulcher patent No. 1,615,751, could be used advantageously in that part of the superstructure of a glass tank furnace between the glass line and the crown arch involves invention. There is nothing in any of the appealed claims to suggest that the refractory blocks therein defined are to be used to prevent the formation of crusts thereon by burning gases or alkaline vapors. In other words, so far as the appealed claims are concerned, they merely define a glass tank furnace having a superstructure between the glass line and the crown arch which is composed, at least in part, of the refractory blocks disclosed and claimed in the Fulcher patent No. 1,615,751.

 As hereinbefore noted, claims 1, 2, and 3 were rejected on the ground that they were broader than the disclosure in appellant's application, and, although counsel for appellant has assigned error to that holding by the Board of Appeals, no contention is made in their brief that the board erred in that respect. Those claims are obviously broader than the disclosure contained in appellant's application, and were, therefore, properly rejected. Furthermore, we are in agreement with the conclusion reached by the tribunals of the Patent Office that, in view of the teachings of the

prior art, the appealed claims do not involve invention.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.